**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
2125 S. Beverly Drive
Los Angeles, California 90034
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
Antoinette Waller (SBN 152895)
Jeffrey J. Miles (SBN 293869)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNIFER STARK, an individual; <br><br> Plaintiff, <br><br> v. <br><br> SHEIN DISTRIBUTION CORPORATION; and DOES 1-10 inclusive. <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Jennifer Stark ("Plaintiff" or, the "Artist") hereby brings this complaint against Defendant Shein Distribution Corporation[1] ("Shein" or "Defendant") with principal place of business 757 S. Alameda St., Suite 220, Los Angeles, CA 90021; and Does 1-10 inclusive (collectively, with Shein, "Defendants") as follows.

---

[1] According to Shein.com Privacy Policy page, Shein Distribution Corporation is "the company selling the products via the Site and Apps and providing the Services."

COMPLAINT

## SUMMARY OF THE ACTION

This is an action for copyright infringement and violations of the Digital Millenium Copyright Act ("DMCA") against Shein, a multi-billion dollar fast-fashion enterprise operating in California (and world-wide) for blatant, unapologetic theft of the art works of renowned contemporary artist, Jen Stark.  Defendants' notorious and well-documented business model depends upon willful violations of the rights and interests of independent artists and designers. Harvesting the toil of creatives, Shein employs algorithms that scour the internet for trending art and fashion, then quickly creates infringing fashion pieces utilizing shadow factories overseas that employ underpaid workers. Most of the time, Shein gets away with this predatory business model in part because they prey on art and apparel not yet registered with the copyright office or not otherwise subject to the rigorous protection that, in this instance, Jen Stark has secured for her artwork long before this lawsuit. Because Shein applied its typical cavalier disregard in copying Stark's highly influential contemporary visual art, works that enjoy registered copyrights with the Copyright Office, Shein's luck may have finally run out—because this is the rare case where Shein is subject to enhanced penalties including an attorney's fees award.

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a) in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

COMPLAINT

2.      Defendants are subject to the personal jurisdiction of the Court because Shein's principal place of business is in this district; Shein advertises, distributes, and sells products to consumers from its principal place of business in this district; and Shein operates e-commerce websites and mobile applications that market to consumers in this district, offers for sale products to consumers in this district, and provides for consumers in this district to enter into online transactions for a variety of products. On information and belief, Shein regularly does or solicits business in California; derives substantial revenue from goods used or services rendered in California; and expects or reasonably should have expected that its infringing conduct would have consequences in California; and derives revenue from interstate commerce from its principal place of business in this District.

3.      Defendants are estopped from contesting personal jurisdiction or venue in this action because Defendants have consented to personal jurisdiction and venue in similar copyright infringement actions filed by other aggrieved parties in this District.  *See, e.g., Cat Coven LLC v. Shein Fashion Group*, 2020 U.S. Dist. LEXIS 123166 at *15-16 ("Defendant argues the joinder [*of Shein's HK entity Zoetop*] would not destroy subject matter jurisdiction…").

4.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District in that; Defendants sell goods to consumers, do business and are subject to personal jurisdiction in this District; the infringing products were sold and marketed from here; and Shein's corporate address listed in this District is described as controlling the website and websales for Shein.

## THE PARTIES

5.      Plaintiff is a world-renowned contemporary artist and designer, and has at all relevant times resided and practiced in Los Angeles, California, as well as globally.

COMPLAINT

6.     Plaintiff is informed and believes and thereon alleges that Defendant Shein is a corporation organized and existing under the laws of the State of California with its principal place of business at 757 S. Alameda St., Suite 220, Los Angeles, CA 90021. Plaintiff is informed and believes that Shein advertises, distributes, and sells products to consumers throughout the United States and manages and operates the Shein.com website, which effectuates online marketing sales of Defendants' products.

7.     Plaintiff is as yet unaware of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

8.     Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to Plaintiff for the conduct complained of herein. Each Defendant is the alter ego of the other Defendants.

**GENERAL ALLEGATIONS**

9.     Plaintiff Jennifer Stark is a contemporary visual artist whose work the art world and the general public holds in high esteem. Vivid colors in organic undulating patterns, creating visual kinetic energy, comprise the artist's signature style or elements. The artist's work has been shown in galleries and museums around the world, and her digital work includes animated films and NFTs (non-fungible tokens). Stark's *Drip Cascade*, 2015, is a particularly representative example of her oeuvre and that artwork is pictured below.

COMPLAINT

10.     Stark has also been recognized for her large-scale public art, such as her permanent installation of a mural for the Miami International Airport (depicted below), and large-scale installations in downtown Los Angeles and downtown Miami and Fort Lauderdale.  Stark's work is roundly praised by the fine art press, collectors of visual art, and the general public alike.  Her works reside in important permanent collections, including the Smithsonian American Art Museum, the West Collection, Crystal Bridges Museum of American Art, NSU Art Museum and MOCA Miami, among others. Stark is also known and highly sought after for commercial endeavors, collaborating with tastemaker celebrities like Miley Cyrus, and iconic brands like MTV and Vans Shoes.  *Drip Cascade* is one of Ms. Stark most iconic works on paper:



Jen Stark:
Drip Cascade, 2015, felt-tip pen on
paper, 30 x 24 in.

*Drip Cascade*, 2015. Copyright registration No: VAu 1-422-700, Effective Date of Registration: March 05, 2021.

COMPLAINT

11.     Stark's artwork has been seen by millions of people, often re-shared on social media, and she is one of the world's highest selling NFT creatives. In 2014, Plaintiff created a permanent, large-scale mural titled *Meltdown* inside of the Miami International Airport—a portion of which is shown in the photograph below:



Jen Stark's *Meltdown*, 2014, as seen in the Miami International Airport, registration number VA 2-094-470; Application Submitted: March 14, 2018; Effective Date of Registration: March 14, 2018.

12.     Stark's *Drip Cascade* (2015), *Meltdown*  (2014), and *Chromatic Cascade* (2017) (collectively the "Artworks") are the particular Artworks that have been infringed by Shein and each has been duly registered with the Copyright Office as denoted by the registration information beneath each artwork in this Complaint at ¶¶ 10, 11, and 16, incorporated by reference herein. On information and belief, many of Stark's other artworks have been copied or otherwise infringed by Shein, and it is not yet determined the full extent of works Shein has copied.

COMPLAINT

13.     Shein is a fast fashion retailer that advertises and sells apparel, accessories, jewelry, and other products through various online platforms. As of October 2020, Shein was the world's largest online-only fashion company, as measured by sales of goods under the company's brand, according to Euromonitor International.[2]  As of June 2021, the company had a valuation of as much as $30 billion, with annual revenue reaching $10 billion, Bloomberg reported.

14.     Shein reached its behemoth status in part by using questionable proprietary technology harvesting customers' search data and sharing such data with its designers to help guide design and production decisions.[3]  What users looked at on their apps or on Tik Tok[4], Shein captured that information and encouraged its designers to make more of that and scaling up production as popularity grew based on real time monitoring metrics of user behaviors. Shein's reckless copying engine leads to insensitive results that demonstrate its disregard for any duty of care in creating fashion including: selling a gold chain swastika pendant, and offering a Muslim Prayer Rug as a "Greek carpet".[5]

15.     Defendants' predatory, opportunistic "fast-fashion" business practices are inherently antagonistic to the intellectual property rights of third parties and, consequently, Defendants have been named in scores of infringement and/or unfair competition actions filed by major brands, famous designers, artists, illustrators and others whose original creations Defendants have stolen. In this District alone, Defendants have been sued for infringement and/or unfair competition in at least thirty (30) separate actions. Defendants also have been hit with similar claims

---

[2] https://www.cnn.com/2021/08/14/business/shein-china-fast-fashion-intl-hnk/index.html (Last accessed April 19, 2022).

[3] https://www.bloomberg.com/news/articles/2021-06-14/online-fashion-giant-shein-emerged-from-china-thanks-to-donald-trump-s-trade-war?sref=GYlFC92K

[4] https://www.cnn.com/2021/08/14/business/shein-china-fast-fashion-intl-hnk/index.html.

[5] https://www.buzzfeednews.com/article/ikrd/shein-swastika-necklace; https://stories.publiceye.ch/en/shein/.

COMPLAINT

1    numerous times in other jurisdictions, including by major brands like Levi's, Ralph

2    Lauren, and Deckers Outdoor Corp., which owns the UGG footwear brand.

3        16.    In or about February 2022, Plaintiff learned that Defendant Shein had

4    willfully copied Stark's Artworks, without permission or authorization, and used

5    Stark's Artworks to create fast fashion products, including swimsuits, shirts, and

6    skirts. Representative samples of Shein's blatantly infringing uses are shown in the

7    images below:





COMPLAINT

17.     Substantial similarities between Starks' artwork and Shein's infringing fast-fashion pieces are such obvious copies (misleading buyers into thinking Stark is affiliated with low-quality fast fashion)—one customer even posed6 next to Stark's Chromatic Cascade mural wearing one of the infringing articles of clothing:





Chromatic Cascade (mural at 1825 Conway Place in the Arts District, Los Angeles), 2017, latex paint, approx. 200 x 27 ft

---

6 Photo Credit (Top): "*chachatheorphantroll*", *Instagram* post; (bottom) *Chromatic Cascade*, 2017, Copyright registration number:  VAu-1-458-834.

9                                                                    COMPLAINT

18.     Defendants' *modus operandi* is on full display on Instagram. A search of hashtags such as #sheintheft, #arttheft, and #boycottshein, brings up numerous accounts of artists and other designers whose original artwork was stolen by Defendants and sold for a fraction of the work's true value.

19.     Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff as an Artist, as the copying and selling clothes with her signature style is likely to continue unabated unless there is judicial intervention. Shein's copying and misuse of Stark's art work which will cause further damage and irreparable harm to Plaintiff—causing damage to her own carefully designed brand as an artist who has works in the Smithsonian and chooses all her collaboration partners laboriously based on the seriousness of their brands and artistic integrity, unless preliminarily and permanently enjoined and restrained by the Court.

20.     Plaintiff is informed and believes, and thereon alleges, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of her legal rights; was, and is, despicable conduct that subjects Plaintiff to unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice, showing complete disregard the Artist's intellectual property. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

21.     As recently as May 15, 2022, Shein.com continues to sell works infringing Stark's Artworks, as seen in this web capture accessed on May 15, 2022, proving that this infringement is ongoing:

COMPLAINT



## First Claim for Relief for Copyright Infringement

## (Against All Defendants)(17 U.S.C. § 501, *et seq.*)

22.     Plaintiff incorporates herein by this reference all paragraphs in this Complaint as if set forth in full in this cause of action.

23.     Plaintiff's Artworks were created in 2014, 2015, and 2017. The Artworks are original works that are eligible for copyright under United States law. The Artworks are fixed in a tangible medium of expression, as shown in the examples above.

24.     At all times since the creation of the Artworks, Plaintiff has complied with all aspects of the Copyright Acts of 1909 and 1976 and all other laws governing copyright. Plaintiff is the sole owner of all rights, title, and interest in and copyright in the graphic expression embodied in the Artworks.

25.     Subsequent to Plaintiff's creation of the Artworks and (on information and belief) with full knowledge of Plaintiff's rights, Defendants infringed Plaintiff's copyright by copying and reproducing the Artworks in Shein's product line of shirts, skirts, and swimsuits, as described above.

COMPLAINT

26.     All of Defendants' acts of copying and reproducing Plaintiff's Artworks were performed willfully, without the permission, license or consent of Plaintiff.

27.     By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's businesses in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, in part as described above, all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court. As a result of Defendants' misconduct as alleged herein, Plaintiff's reputation and career has been irreparably tainted, diminishing the value of Plaintiff's works, and decreasing revenue derived from her work and obfuscating her own ability to market products that use her copyrighted designs.

28.     By reason of their infringement of Plaintiff's copyright as alleged herein, Defendants are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants directly or indirectly attributable to such infringement.

29.     Plaintiff is informed and believes and thereon alleges that Defendants' acts of unfair competition are willful and deliberate and done with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's trademark. The complete copying of her Copyright Registered Artworks makes it clear that Defendants could have contacted Stark to seek licensing or permission, but likely feared being refused because of Stark's notoriously selective process in selecting brand partnerships, and went ahead brazenly without even seeking licensing.

**Second Claim for Relief for Vicarious and/or Contributory Copyright Infringement Against All Defendants**

30.     Plaintiff incorporates herein by this reference all paragraphs in this

COMPLAINT

Complaint as if set forth in full in this cause of action.

31.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of the Infringing Work as alleged herein.

32.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33.     By reason of the Defendants' acts of contributory and vicarious infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Original Art Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Original Art Works, in an amount to be established at trial.

### Third Claim for Relief for Removal of Copyright Management Information – 17 U.S.C. § 1202(b) (Against All Defendants)

35.     Plaintiff incorporates herein by this reference all paragraphs in this Complaint as if set forth in full in this cause of action.

36.     The Original Art Works include conspicuous copyright management information including Plaintiff's signature or identifying accompanying wall plaque information, which is conveyed in connection with the Original Art Works and its packaging and is protected under 17 U.S.C. § 1202(b).

COMPLAINT

37.     Plaintiff conveys such copyright management information in connection with her Original Art Works when shown on her website, social media accounts, and/or other public displays of her artwork.

38.     Upon information and belief, Defendant knowingly distributed the Infringing Product, which features an identical copy of the Original Art Works from which the copyright management information placed on authorized copies of the Original Art Works was intentionally removed.

39.     Upon information and belief, Defendant knowingly sourced, sold, and distributed infringing products featuring identical copies of the Original Art Work from which the copyright management information placed on authorized copies of the Original Art Work and their packaging was intentionally removed.

40.     Upon information and belief, Defendant knowingly sold infringing products featuring identical copies of the Original Art Works from which the copyright management information was intentionally removed.

41.     Upon information and belief, Defendant knowingly distributed and imported for distribution unauthorized copies of the Original Art Works from which copyright management information had been intentionally removed.

42.     Upon information and belief, Defendant distributed the Infringing Product with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

43.     Defendant engaged in these activities without the consent or authorization of Plaintiff.

44.     Plaintiff has been injured and will continue to suffer injury as a result of Defendants' violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impoundment of the Infringing Work, monetary damages, costs and attorneys' fees according to proof. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C.

COMPLAINT

§ 1202(b).

**Fourth Claim for Relief for False Copyright Management Information –**

**17 U.S.C. § 1202(a) (Against All Defendants)**

45.     Plaintiff incorporates herein by this reference all paragraphs in this Complaint as if set forth in full in this cause of action.

46.     Upon information and belief, each Defendant, either separately or in concert with each other, intentionally and knowingly provided false copyright management information in connection with the Infringing Products. Specifically, Defendants affixed the "SHEIN" name and logo to the packaging of the Infringing Product and intentionally removed Plaintiff's copyright management information.

47.     Upon information and belief, each Defendant, either separately or in concert with each other, intentionally and knowingly imported for distribution and distributed false copyright management information in connection with the Infringing Products.

48.     Upon information and belief, each Defendant, either separately or in concert with each other, knew that the copyright management information it conveyed in connection with the Infringing Products was false because Defendants knew that Plaintiff, and not Defendants, was the true author and copyright owner of the Original Art Works.

49.     Upon information and belief, each Defendant, either separately or in concert with each other, knowingly provided such false copyright management information and distributed and imported such false copyright management information in connection with the Infringing Product with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

50.     Defendants engaged in these activities without the consent or authorization of Plaintiff.

51.     Plaintiff has been injured as a result of Defendants' violation of 17

COMPLAINT

U.S.C. § 1202(a) and is entitled to injunctive relief, impounding of the Infringing Product, damages, costs, and attorney's fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

**Fifth Claim for Relief for Unfair Competition Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) (Against All Defendants)**

52.     Plaintiff incorporates by this reference all other paragraphs of this pleading as if set forth in full in this cause of action.

53.     The Artworks, including the portions misappropriated by Defendants, contain signature elements of Plaintiff's artwork. Members of the public, including art world collectors and insiders, as well as the art press, have come to recognize Plaintiff's signature elements as belonging to Plaintiff. Such elements are referred to collectively herein as the "Stark Signature Elements."

54.     The Stark Signature Elements, including (among other things) the vivid color that appear to undulate in organic undulating patterns, imbued with kinetic energy—work as a sort of product packaging or logo, which enables the public to identify Plaintiff's work. In other words, Stark's Signature Elements have secondary meaning.

55.     The goodwill and reputation associated with Stark's Signature Elements has continuously grown throughout the general public. Stark's Signature Elements are now well known throughout the United States, the State of California, and the world as a source of origin for Plaintiff's artistic product.

56.     Plaintiff has spent substantial resources successfully establishing the Stark Signature Elements and name in the minds of consumers as high-quality artwork.

57.     The Stark Signature Elements and all individual elements thereof are strong, fanciful, non-functional and distinctive, and inherently distinctive. Through

COMPLAINT

Plaintiff's efforts in exhibiting her work, the Stark Signature Elements have become distinctive of her artwork, and acquired secondary meaning among relevant consumers and the public generally.

58.     As alleged above, Defendants created advertisements and marketing materials to sell goods in interstate commerce that feature and include the Stark Signature Elements (most pieces include all of the signature elements described above).

59.     Defendants' use of the Stark Signature Elements is designed to create and does create the false and deceptive commercial impression that Shein is associated with and/or endorsed by Plaintiff. The use by Defendants of the Stark Signature Elements or any portion thereof is likely to cause confusion or mistake or deception of purchasers and/or customers as to the affiliation of Plaintiff with Defendants.

60.     Customers and potential purchasers are likely to be attracted to Defendants' goods and services, creating an initial interest upon seeing the infringing materials and creating a lasting appreciation, causing the belief that they are associated with Plaintiff, thereby resulting in consumer confusion. Defendants' conduct will damage Plaintiff's ability to enjoy, maintain and exploit their hard-won brand-recognition and status as an art leader.

61.     Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's graphical, thematic, and other signature source-identifying elements of the Stark Signature Elements constitutes a false representation that wrongly suggests to the trade, relevant purchasing public, and consumers at large, that Plaintiff endorses or approves of, Defendants' goods and/or services.

62.     By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to their business in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputation, all in amounts which are not yet ascertainable but which are

estimated to be not less than the jurisdictional minimum of this court.

63.     By virtue of Defendants' acts hereinabove described, Defendants have committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, inter alia, 15 U.S.C. § 1125(a).

64.     Defendants' acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, and to the goodwill associated with Plaintiff's valuable and well-known trade dress and Plaintiff's business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

65.     Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully continue the conduct herein described.

66.      In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

**Sixth Claim for Relief for Statutory Unfair Competition under California Law**
**(Cal. Bus. & Prof. Code §§17200 et seq.)**
**(Against All Defendants)**

67.     Plaintiff incorporates by this reference all other paragraphs in this pleading as if set forth in full in this cause of action.

68.     Defendants' wrongful acts as described herein constitute unlawful, unfair, and/or fraudulent business practices in violation of Section 17200 et seq. of the California Business and Professions Code and California common law. These acts and practices undertaken by Defendants violate California Business & Professions Code §17200 in that they are—as described above—unfair, fraudulent,

COMPLAINT

and/or unlawful.

69.     Further, without limiting the generality of the foregoing, the harm to Plaintiff and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Cal. Bus. & Prof. Code §17200.

70.     Further, without limiting the generality of the foregoing, such acts by Defendants are unlawful in that they violate, *inter alia*, the Lanham Act.

71.     As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received and continue to receive income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and Plaintiff is entitled to disgorgement of such wrongfully obtained funds.

72.     By reason of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer substantial damage to their business in the form of diversion of trade, loss of profits, and a dilution in the value of their rights, all in amounts which are not yet ascertainable, but which are estimated to be not less than the jurisdictional minimum of this court.

**Seventh Claim for Relief for Unfair Competition under California Common Law**

**(Against All Defendants)**

73.     Plaintiff incorporates by this reference all other paragraphs in this pleading, as if fully set forth in full in this cause of action.

74.     The above-described conduct of Defendants constitutes unfair competition under the common law of the State of California.

75.     As a result of Defendants' actions, Plaintiff has been damaged in an amount to be proven at trial. Plaintiff is entitled to punitive damages, with respect to this cause of action.

COMPLAINT

# PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1.     That Plaintiff is awarded all damages, including future damages, that they have sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2.     That Plaintiff is awarded their costs, attorneys' fees and expenses in this action;

3.     That Plaintiff is awarded pre-judgment interest;

4.     For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5.     For an order permanently restraining and enjoining Defendants from manufacturing, producing, distributing, advertising, offering for sale, and/or selling any products that display Stark Signature Elements or Stark Artworks or any variation thereof pursuant to Section 17200 of the California Business & Professions Code;

6.     That Defendants be ordered to immediately recall and remove any and all infringing products from the marketplace;

7.     That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

8.     For disgorgement of all proceeds, and restitution of the moneys wrongfully received by Defendants as the result of their wrongful conduct;

9.     For an accounting of all profits obtained by Defendants from sales of the infringing products and an order that Defendants hold all such profits in a constructive trust benefiting Plaintiff;

COMPLAINT

10.     For an award of the amount equal to the greater of Plaintiff's actual damages or disgorgement of Defendants' worldwide profits according to proof;

11.     For an award of $25,000 per violation of 17 U.S.C. § 1202(a), an order requiring the impoundment of all existing copies of the Infringing Work under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

12.     For an award of $25,000 per violation of 17 U.S.C. § 1202(b), an order requiring the impoundment of all existing copies of the Infringing Product under 17 U.S.C. § 1203, and an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

13.     For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct;

14.     For further relief, as the Court may deem appropriate.

DATED: August 24, 2022          ERIKSON LAW GROUP


                                By:   */s/David Erikson*_____
                                      DAVID ERIKSON
                                Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on their claims on all issues triable by a jury.

DATED: August 24, 2022               ERIKSON LAW GROUP


                                     By:    */s/David Erikson*
                                            DAVID ERIKSON
                                     Attorneys for Plaintiff

22                                                                    COMPLAINT